COPELAND v. PERE MARQUETTE RAILWAY CO.

1. CONTINUANCE—DENIAL NOT ABUSE OF DISCRETION.

Where action against railroad company for damages caused by fire had been begun more than six months previous to date of trial, denial of continuance on ground that investigator sent to secure witnesses had been taken sick, was not abuse of discretion, in absence of showing what, if anything, would be proved by witnesses, or whether there were any such witnesses, especially in view of Circuit Court Rule No. 41, requiring party applying for second continuance to state facts he expects to prove by absent witnesses, as well as diligence used to procure their attendance.

2. APPEAL AND ERROR—PARTY RESPONSIBLE FOR ERROR MAY NOT COMPLAIN THEREOF.

Where, in action against railroad company for damages caused by fire, insurance company paying part of loss was erroneously joined as party plaintiff at defendant's request, it could not, on review, complain thereof.

Error to Grand Traverse; Gilbert (Parm C.), J. Submitted October 18, 1929. (Docket No. 138, Calendar No. 34,341.) Decided December 4, 1929.

Case by Edgar L. Copeland against the Pere Marquette Railway Company, for loss by fire. From a judgment for plaintiff, defendant brings error. Affirmed.

*Thos. D. Meggison,* for plaintiff.

*W. K. Williams, John C. Shields,* and *John W. Patchin,* for defendant.

BUTZEL, J. Edgar L. Copeland, plaintiff herein, was the owner of a farm and buildings thereon in the

township of Whitewater, county of Grand Traverse, Michigan. The tracks of one of the main divisions of the Pere Marquette Railway Company run through the property. Suit was brought by plaintiff to recover damages arising through a fire caused by sparks emitted from defendant's locomotive. Plaintiff recovered judgment against defendant.

There are a number of assignments of error. We need only to consider the two of them that are stressed by defendant. The others are similar to the two discussed, or have no merit.

Defendant claims that the court should have granted a continuance when the case was called for trial on October 3, 1928. Defendant was represented by a local attorney, who asked for a continuance at the request of defendant's general counsel in Detroit. He showed that an investigator, who had been sent a week previous to secure witnesses for the defense of the case, had been taken sick at Grand Rapids. A delay of four days was asked by the defendant, but the court did not grant the request. Defendant did not show in its motion for a continuance what, if anything, it would prove by the witnesses, or whether there were any such witnesses. Under Circuit Court Rule No. 41, a party applying the second time for continuance of a cause must state the facts which he expects to prove by absent witnesses, as well as with particularity the diligence he has used to procure their attendance. The court did not abuse its discretion in refusing a continuance of the case. The fire had taken place over three years previous to the day the trial began. The action had been begun over six months previous to the date of the trial.

The Farmers' Mutual Fire Insurance Company of Grand Traverse, Antrim, and Leelanau Counties

had insured plaintiff against fire and had paid him the sum of $466.67. Plaintiff had assigned to said insurance company his claim up to the aforesaid amount, but had retained his claim for damages above said amount.

The suit was brought solely by Edgar L. Copeland, the plaintiff, who had suffered the damages through defendant's tort. The court, after the verdict, permitted the insurance company to be joined as a party plaintiff. Under our decisions, this was error. The defendant waived the error, inasmuch as its counsel requested that the insurance company be made a party plaintiff. He stated as follows:

"Then, your honor, at this time I move that this suit be dismissed on the grounds that it appears from the uncontradicted testimony that the plaintiff and the Farmers' Mutual Fire Insurance Company of Grand Traverse, Antrim, and Leelanau Counties are each partly interested in any claim they may have against the Pere Marquette Railway Company, and that they should have been joined in this suit as both being parties in interest. * * *

"Our contention is this, in order to have the record clear:

"*First:* That the assignment of this interest in the claim by Mr. Copeland to the insurance company makes them owners to the claim in common; neither one of them owns the entire claim. That, being the owners of the claim in common, or jointly, as the case may be, suit should be—they should both be joined in suit as plaintiff, as being the parties in interest."

The court took the matter under advisement, and after the verdict followed the request of defendant's counsel, and, under 3 Comp. Laws 1915, § 12364, it added the insurance company as a party plaintiff.

Defendant can not blow hot and cold, and if an error was made at its own suggestion and request, it can not now, and particularly after the time when the claim would be outlawed by the statute of limitations, ask that the entire case be dismissed.

In the case of *Union Ice Company* v. *Railway Company,* 178 Mich. 346, 351, this court ruled as follows:

"We can readily appreciate the fact that it might be of advantage to defendant to be able to show that certain insurance companies would participate in any judgment which might be rendered against it, but we are of opinion that it had no legal right to do so. Its tort (if one was committed) was against this plaintiff, and the right of action which grew out of the tort was one and indivisible. * * * The plaintiff undoubtedly was possessed of the substantive right and was the proper party to bring the suit. Had it done so, without executing the various subrogation contracts, it would still necessarily have acted in the capacity of a trustee, as regards the judgment, for the benefit of the insurance companies, in accordance with the terms of the policy contract. The relation would be implied by law" (citing *Federal Ins. Co.* v. *Insurance Co.,* 121 C. C. A. 58 (202 Fed. 648), and other cases).

The court further said in this case:

"The defendant is interested only in knowing that a judgment, in the suit brought, will relieve it from all liability for the consequences of its tort."

The question has been presented to this court a number of times in recent years, and the uncertainty which arose as to the proper procedure to pursue resulted in the enactment of Act No. 271, Pub. Acts 1929, which distinctly provides that the insurance company, in the event of subrogation and assignment, may be joined as a party plaintiff.

The defendant, through its counsel, having asked that the insurance company be made a party plaintiff, so that the defendant might be fully protected, has waived all right to object. Upon payment of the judgment, it will be released from all further liability.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, CLARK, and SHARPE, JJ., concurred with BUTZEL, J.

WIEST, McDONALD, and POTTER, JJ., concurred in the result.